UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11782-GAO

MIGUEL R. VALENTIN,
Plaintiff,

v.

PETER A. PEPE, JR.,
Defendants.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

    For the reasons set forth below, the Court (1) grants the plaintiff's motions for leave to proceed in forma pauperis; (2) orders that summonses issue as to some of the defendants; and (3) denies without prejudice the plaintiff's motion for appointment of counsel.

**I.     Background**

    Miguel R. Valentin, an inmate confined at the Souza-Baranowski Correctional Center brings this civil rights action in which he alleges that he was wrongfully assaulted by correction officers and MCI Cedar Junction on September 6, 2010 and that he received inadequate medical treatment thereafter.  He names as defendants Peter A. Pepe, Jr., who was the superintendent of MCI Cedar Junction at the time; correction officers Matthew J. Burnieika, Christopher M. Pacheco, Leo Marchand, Jr., Michael P. Delahoyde; three "John Doe" prison guards; Lieutenant Paul F. Walsh; and, registered nurse Collette M. Mannion.

    According to the "Statement of Facts" in the complaint, Valentin complained to Walsh that someone had taken from his cell seven pages of an appellate brief.  Walsh responded that "no one took anything" and that Valentin was "crazy," and then Walsh walked away.  Id. ¶ 14. The plaintiff then "covered the camera and windows in his cell to get the attention of a higher up."  Id.  In response, correction officers sprayed a chemical agent in Valentin's cell, removed him from the cell, searched him, and then–while Valentin was in "full restraints"–smashed him against a wall and "deliberately" and "very sadistically" twisted his wrists and feet.  Id. ¶¶ 15-16.

The lieutenant who had gassed Valentin told the guards, "That's enough," but the guards continued the assault. Id. ¶ 16. The plaintiff was placed naked in a mental health watch cell and denied medical treatment. He was in "a lot of pain," and in "cut himself" (presumably to get someone's attention). Id. ¶ 19. "[A] nurse just came and gave [him] a bandaid instead of caring for [Valentin's] medical needs, although [his] injuries were prevalent." Id. Walsh is the only defendant that is identified by name in the "Statement of Facts."

Valentin brings two claims under 42 U.S.C. § 1983 for violations of his rights under the Eighth Amendment. In the first claim, Valentin alleges that all of the defendants except Mannion are liable "for allowing the assault, being a part of the assault, and failing to properly treat Plaintiff's injuries." Id. at 6. In the second claim, the plaintiff alleges that Mannion "failed to properly treat the plaintiff leaving him to suffer from the injuries sustained by the guards." Id.

## II.   Discussion

### A.   Motions for Leave to Proceed In Forma Pauperis

The motion (#7) for a waiver of the filing fee and the motions (#8, #10) for leave to proceed in forma pauperis are GRANTED insofar as the plaintiff seeks leave to proceed without prepayment of the filing fee. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $139.79. The remainder of the fee, $210.21, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

### B.   Screening of the Complaint

When a plaintiff proceeds without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening. Both § 1915 and § 1915A authorize federal courts to dismiss a complaint sua sponte if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is

immune from such relief.  See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).  In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

To state a claim for relief, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)).  This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why."  Id. (quoting Educadores, 367 F.3d at 68).  Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements."  Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).  The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A court is not "bound to accept as true a legal conclusion couched as a factual allegation," and "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. (quoting in part Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of a cause action, supported by mere conclusory statements, do not suffice.").

      **1.**     **Defendant Pepe**

Applying this standard, the Court concludes that Valentin has failed to state a claim for relief against Pepe because he has failed allege specific facts from which the Court may reasonably infer that Pepe was involved in the alleged use of excessive force.

Apart from the allegations concerning the verbal exchange with Walsh, Valentin has not explicitly identified the role of each of the correction officers, Walsh, or Pepe in the actual assault on Valentin.  He simply alleges that they are all liable "for allowing the assault, being a

3

part of the assault, and failing to properly treat Plaintiff's injuries." Compl. at 6. This "lumping" of all of the defendants together is impermissible when it cannot be reasonably inferred that all of the defendants were involved, or it is otherwise not clear to which defendant or defendants the plaintiff is referring.  See Bagheri v. Galligan, 160 Fed. Appx. 4, 5 (1st Cir. 2005) (upholding district court's dismissal of action where the original complaint did not "state clearly which defendant or defendants committed each of the alleged wrongful acts" and the plaintiff had failed to cure the pleading deficiencies); Atuahene v. City of Hartford, 10 Fed. Appx. 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff]'s complaint failed to satisfy [the] minimum standard" of pleading under Fed. R. Civ. P. 8(a).).

Given the nature of Valentin's allegations–an assault by multiple prison guards when he had been sprayed with a chemical agent and was restrained–for purposes of conducting a preliminary screening of this complaint, the Court will infer that Walsh and the other correction officers were present at the scene and all directly participated in the alleged use of excessive force, either by action or inaction. Valentin did allege that Walsh was present prior to the assault and that a lieutenant and correction officers were present at the assault.

However, the Court cannot reasonably infer that Pepe–the superintendent--was directly involved in the alleged assault. "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable.'" Velez-Rivera v. Agosto-Alicea, 437 F.3d 146, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)). In § 1983 cases, 'supervisors are not automatically liable for the misconduct of those under their command. A plaintiff must show an affirmative link between the subordinate officer and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'" Id. (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)). Applying this principle to the context of a correctional institution, a prison superintendent could be liable under § 1983 for violating the

Eighth Amendment if, for example, he "were aware of 'a systematic lapse in enforcement' of a policy critical to ensuring inmate safety" and failed to enforce the policy." Steidl v. Gramley, 151 F.3d 739, 741 (7th Cir. 1998) (quoting Goka v. Bobbitt, 862 F.2d 646, 652 (7th Cir. 1988)). However, "a warden's general responsibility for supervising a prison is insufficient to establish personal liability." Bonner v. Outlaw, 552 F.3d 673, 679 (8th Cir. 2009)

Valentin has not made any allegation of an "affirmative link" between the conduct of Pepe and the assault on Valentin. In the absence of any allegations that Pepe knew Valentin or another prisoner would be assaulted by the prison guards, it is not reasonable to infer that Pepe somehow participated in the alleged assault. For this reason, a summons will not issue at this time as to Pepe. If Valentin wishes to pursue a claim against Pepe, he must, within forty-two days of the date of this order, file an amended complaint that contains specific factual allegations concerning Pepe's involvement in the alleged assault.[1] Failure to do so will result in dismissal of Pepe as a party to this action. Any amended complaint may be subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

### 2.   John Doe Defendants

At this time, the Clerk shall not issue summonses as to the "John Doe" defendants because "John Doe" is a fictitious name. Although the use of fictitious names to identify defendants is not favored, situations may arise where the identity of an alleged defendant cannot be known prior to the filing of a complaint. See Martínez-Rivera v. Ramos, 498 F.3d 3, 8 (1st Cir. 2007). If, through discovery, the plaintiff discovers the true names of the "John Doe" defendants, he "should act promptly to amend the complaint to substitute the correct parties and to dismiss any baseless claims." Id. at 8 n.5. He may then also file a motion for issuance of summonses for these defendants. If summonses issue, the United States Marshal shall complete

---

[1] As an amended complaint completely replaces the original complaint, see Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008), the amended complaint should not be limited to allegations concerning Pepe. Valentin should repeat in any amended complaint all allegations in the original complaint–as to any defendant--that he wishes to be part of the operative complaint. In other words, the amended complaint.

service as directed by plaintiff with all costs of service to be advanced by the United States.

### C. Motion for Appointment of Counsel

Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases, and it is very difficult for the Court to find attorneys who will accept appointment as pro bono counsel.  To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  See DesRosiers, 949 F.2d at 23.  To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  See id. at 24.

Because the defendants have not been served with or responded to the complaint, the Court cannot determine whether exceptional circumstances exist that would justify appointment of counsel.  The motion is denied without prejudice to renewal after the defendants have been served with and responded to the complaint.

### III.  Conclusion

Accordingly:

(1)     The motion (#7) for a waiver of the filing fee and the motions (#8, #10) for leave to proceed in forma pauperis are GRANTED insofar as the plaintiff seeks leave to proceed without prepayment of the filing fee.  Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $139.79.  The remainder of the fee, $210.21, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).  The Clerk shall send a copy of this order to the treasurer of the institution having custody of the plaintiff.

(2)     The Clerk shall issue summonses Burnieika, Pacheco, Marchand, Delahoyde,

Walsh, and Mannion, and the United States Marshal shall serve a copy of the summonses, complaint, and this order upon the defendants as directed by plaintiff with all costs of service to be advanced by the United States.  The plaintiff shall have 120 days from the date of this order to complete service.

(3) If Valentin wishes to pursue his claim against Pepe, he must, within forty-two (42) days of the date of this order, file an amended complaint which includes additional allegations about Pepe's role in the alleged assault.  Failure to comply with this directive will result in dismissal of Pepe as a defendant.

(4) The motion for appointment of counsel (#3) is <u>DENIED WITHOUT PREJUDICE</u>.

SO ORDERED.

  11/25/2013                                            /s/ George A. O'Toole, Jr.  
DATE                                                       GEORGE A. O'TOOLE, JR.  
                                                            UNITED STATES DISTRICT JUDGE