UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
MIGUEL R. VALENTIN,                       )
                                          )
              Plaintiff,                 )
                                          )
v.                                        )   Civil Action No. 13-11782-LTS
                                          )
PETER A. PEPE, JR., FORMER                )
SUPERINTENDENT OF MCI-CEDAR               )
JUNCTION, MATTHEW J.                      )
BURNIEIKA, CORRECTIONAL                   )
OFFICER, CHRISTOPHER M.                   )
PACHECO, CORRECTIONAL                     )
OFFICER, LEO MARCHAND, JR.,               )
CORRECTIONAL OFFICER, PAUL F.             )
WALSH, LIEUTENANT, COLLETTE M.            )
MANNION,  REGISTERED NURSE,               )
MICHAEL P. DELAHOYDE,                     )
CORRECTIONAL OFFICER, and                 )
3 JOHN DOES,                              )
                                          )
             Defendants.                )
_____)

## SECOND ORDER ON MOTIONS IN LIMINE

SOROKIN, J.

Several issues remain pending before the Court.

1. <u>Spoliation and the Unpreserved Video</u>

The Court will permit: the parties to elicit evidence of video cameras in the stairwell, Valentin to elicit evidence that he made efforts to obtain the video recorded by the cameras in the stairwell both in the form of the letter or testimony of Attorney Fermin and a request for evidence (Exhibits B and C may require redaction if Plaintiff seeks to admit the documents), Valentin to elicit evidence that he never received the video from the landing camera (the parties may wish to consider a stipulation on this point), any party to elicit evidence regarding the video

recording system, the process for burning a permanent copy of surveillance video and the particular preservation activities undertaken by the IPS officer regarding the incident at issue in this case.[1]  At this time, the Court ALLOWS the Motion in Limine to exclude Exhibit D (the Walker Letter) and the disciplinary documents.  Exhibits E and F.  The Court notes that if defendants contend that Valentin ought have done more to preserve the video, they may open the door to the admission of Exhibit F.

The evidence before the Court establishes that the defendants, sued in their individual capacities, had no duty (or particular reason) to preserve the video until the filing of suit at which point the missing video no longer existed as it was overwritten thirty to thirty-five days after the incident.  Given these circumstances, the Court DENIES the request of the Plaintiff for either a mandatory or permissive adverse inference instruction though all parties, in closing, may argue all reasonable inferences from the evidence.  The Court will entertain instructing the jury that the individual defendants are sued in their individual capacity and that these individual defendants had no duty to preserve video until the time of suit in 2013.

    2.  <u>Other Documents</u>

Counsel may explain the relevance of Exhibits A, and G-N to the Court, but at the present time the Court does not discern the relevance of these documents. Exhibits O, P, Q and R are EXCLUDED.  Exhibits T and U are ALLOWED.  Exhibit S, pages 2-3, is ALLOWED and the Court reserves on the remainder.

---

[1] To the extent plaintiff wishes more discovery regarding the scope of the testimony defendants may offer from the IPS officer who testified at the Final Pretrial Conference, defense counsel shall provide such information or discovery, including if reasonably necessary a deposition which could be conducted by phone or video conference.

All of the Court's evidentiary rulings are preliminary and subject to change based upon the evidence at trial. As to those contested exhibits the Court has not, preliminarily ruled, Counsel shall not refer to the substance of the documents in their openings absent advance permission of the Court. The same applies to those documents excluded herein.  Nothing herein necessarily prevents the use of these documents for impeachment purposes.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge